# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JPMORGAN CHASE BANK, N.A.,
MORTGAGE CORPORATION FORCE-PLACED
HAZARD INSURANCE LITIGATION                                    MDL No. 2465

## ORDER DENYING TRANSFER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in one action move to centralize this litigation, which currently consists of three actions pending in three districts as listed on Schedule A, in the Northern District of California.[1]  The actions involve allegedly abusive practices in the unilateral "forced" placement of hazard insurance by JPMorgan Chase Bank ("Chase")[2] and Assurant[3] on borrowers with mortgages serviced by Chase.  Plaintiffs in the Southern District of Florida and Southern District of New York actions oppose centralization.  Defendants Chase and Assurant also oppose centralization.

Since the filing of the motion, Chase and Assurant have reached a settlement in principle in the Southern District of Florida action (*Herrick*) on behalf of a putative nationwide class with respect to the hazard insurance claims that are the focus of the motion.  Chase, Assurant, and the Florida plaintiff represent that, if approved, the settlement will resolve all of the hazard insurance claims in the three actions against Chase and Assurant.  They argue that, in light of the pending settlement, centralization would burden the litigants, interrupt settlement proceedings, and provide no efficiencies.  They also note that the Northern District of California and Southern District of New York each have stayed their respective actions based on the upcoming settlement proceedings in the Southern District of Florida.  In response, movants contend that centralization is still warranted because the settlement described by the other parties is tenuous and likely to be inadequate under Fed.

---

[1] This motion was heard with three related motions at the same hearing session.  The related motions concern force-placed hazard insurance litigation against three other banks and the insurance companies they utilize to place such insurance.  *See* MDL No. 2464, In re: HSBC Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2466, In re: Wells Fargo Bank, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.; MDL No. 2467, In re: Bank of America, N.A., Mortg. Corp. Force-Placed Hazard Ins. Litig.  The motions are an outgrowth of the Panel's decision last year in *In re: Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352 (J.P.M.L. 2012).

[2] "Chase" refers to JPMorgan Chase Bank, N.A.; Chase Home Finance, LLC; Chase Bank USA, N.A.; Chase Insurance Agency, Inc.; and Banc One Insurance Company.

[3] "Assurant" refers to Assurant, Inc.; American Security Insurance Company; Standard Guaranty Insurance Company; and Voyager Indemnity Insurance Company.

-2-

R. Civ. P. 23, and proceedings on its sufficiency should take place in the Northern District of California where the vast majority of named plaintiffs are pursuing their actions.

On the basis of the papers filed and the hearing session held, we will deny the motion. The Panel is not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. All parties involved in *Herrick* have represented that they intend to file a motion for preliminary approval of their proposed nationwide class settlement on September 6, 2013. At oral argument, counsel for Chase, Assurant, and the Florida plaintiff represented that all interested parties will have the opportunity to intervene in *Herrick* for the purpose of raising issues as to the adequacy of the proposed settlement. Centralization at this time could delay those proceedings and result in additional expense for the litigants and the courts in establishing an MDL proceeding with little or no benefit. *See In re Power Balance, LLC Mktg. & Sales Practices Litig.*, 777 F. Supp. 2d 1345, 1345-46 (J.P.M.L. 2011).

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil      Paul J. Barbadoro
Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan        Sarah S. Vance

**IN RE: JPMORGAN CHASE BANK, N.A.,**
**MORTGAGE CORPORATION FORCE-PLACED**
**HAZARD INSURANCE LITIGATION**                               MDL No. 2465

## SCHEDULE A

<u>Northern District of California</u>

Patricia McNeary-Calloway, et al. v. JPMorgan Chase Bank, N.A., et al.,
    C.A. No. 3:11-03058

<u>Southern District of Florida</u>

Alfred Herrick, et al. v. JPMorgan Chase Bank, N.A., et al., C.A. No. 1:13-21107

<u>Southern District of New York</u>

Edward Isom, Jr. v. JPMorgan Chase Bank N.A., et al., C.A. No. 1:12-05431