UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21107-CIV-MORENO

SALVATORE SACCOCCIO, on behalf of himself
and all others similarly situated,

Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A., individually and
as successor in interest to CHASE HOME FINANCE,
LLC, CHASE HOME FINANCE, LLC, CHASE
INSURANCE AGENCY, INC., ASSURANT, INC.,
AMERICAN SECURITY INSURANCE COMPANY,
VOYAGER INDEMNITY INSURANCE
COMPANY and STANDARD GUARANTY
INSURANCE COMPANY,

Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR
SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND
SCHEDULING A FINAL APPROVAL HEARING**

THIS CAUSE came before the Court upon arguments held in Open Court on **October 1,**

**2013.** Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class

Action Settlement, including the parties' Stipulation and Settlement Agreement (the "Settlement

Agreement") and all exhibits thereto, and having been fully advised in the premises, it is

**ADJUDGED** that:

1.    **Settlement.** Plaintiff and Defendants have negotiated a potential settlement of

this action (the "Saccoccio Litigation" or the "Action") to avoid the expense, uncertainties, and

burden of protracted litigation, and to resolve any and all claims or causes of action which have

1

been or could be asserted by Plaintiff and/or other members of the Settlement Class in the Saccoccio Litigation against Defendants, and all of their past and present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, Banc One Insurance Company, Washington Mutual Bank, EMC Mortgage Corporation, Chase Home Finance, LLC, JP Morgan Insurance Agency, Inc., any direct or indirect subsidiary of any of Defendants and each of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2.    **Review.**  The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter.  The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.    **Preliminary Approval**.  The Settlement Agreement entered into by and among the Plaintiff Salvatore Saccoccio ("Plaintiff"), on behalf of himself and the Settlement Class, and Defendants JPMorgan Chase Bank, N.A. (on behalf of itself and as successor by merger to Chase Home Finance, LLC) ("Chase Bank"), Chase Insurance Agency, Inc. ("CIA"),[1] Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity

---

[1]    As in the Settlement Agreement, Chase Bank and CIA are referred to as "Chase Defendants."

Insurance Company ("VIIC"), and Standard Guaranty Insurance Company ("SGIC") (collectively, "Defendants") has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate.

    4.    **Settlement Class Relief**. The proposed Settlement Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of all borrowers in the United States who, within the Class Period, were charged by Chase Defendants as insureds or additional insureds under a hazard lender-placed insurance ("LPI") policy for residential property and who, within the Class Period, either (i) paid to the Chase Defendants the charged premium (net of refunds) for that hazard LPI Policy or (ii) still owe and have not paid the Chase Defendants the charged premium (net of refunds) for that hazard LPI Policy. Excluded from the Settlement Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose hazard LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower's escrow account; and (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class in accordance with Section 11 of the Settlement Agreement.

    5.    **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class:

        (a)    The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)     The Settlement Class is so numerous that joinder of all members is impracticable;

(c)     There are questions of law or fact common to the members of the Settlement Class;

(d)     The claims of Plaintiff Saccoccio are typical of the claims of the other members of the Settlement Class;

(e)     Plaintiff Saccoccio is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f)     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)     The Settlement Class is ascertainable;

(h)     Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.     **Designation of Class Representatives**. Plaintiff Salvatore Saccoccio is designated as representative of the Settlement Class for the sole purpose of seeking a settlement of the Saccoccio Litigation.

7.     **Designation of Class Counsel**.  The law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and  Harke Clasby & Bushman LLP are hereby designated as Class Counsel for the Settlement Class.

8.     **Final Approval Hearing**.  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 2:00 p.m. on Friday, February 14, 2014 in Courtroom 13-3, before the Honorable Federico A. Moreno, to determine, among other things:  (i) whether

4

the Settlement of the Saccoccio Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Saccoccio Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out, from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award To Plaintiff Saccoccio, should be approved.

9.   **Class Notice**.

(a)   The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement.  The parties shall also prepare a Spanish-language translation of the Class Notice, Claim Instructions, and Claim Form, to be mailed to all class members together with the English language version. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement

Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b)     The Mail Notice shall be mailed not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement.  The Mail Notice shall include the Claim Instructions (attached as Exhibit B to the Settlement Agreement) and Claim Form (attached as Exhibit C to the Settlement Agreement).

(c)     No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settling Agreement and Exhibits and the both the English and Spanish language versions of the Mail Notice.  The Settlement Website shall also contain Claim Form Instructions and a Claim Form which may be downloaded or printed from the Settlement Website.  Class members shall have the option to either: (1) send in their completed Claim Form via U.S. Mail, and/or (2) submit their Claim Form via uploading the completed form (with all necessary verifications) to the Settlement Website. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as SaccoccioSettlementInfo.com.  The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief;

(d)     The Settlement Administrator shall publish notice of the Settlement in *USA Today* not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement.

(e)     The Settlement Administrator shall establish a toll-free interactive voice response phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in

the Notice and Claim Form.  The phone number shall remain open and accessible through the last day for Settlement Class Members to submit a Claim.  The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class Members concerning the Saccoccio Litigation and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries.

(f)      No later than 10 days prior to the Final Approval Hearing, Defendants shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing of the Settlement Website, as well as proof of publication in *USA Today*.

10.      **Administrators**.  The Court authorizes and directs Defendants to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) establish the Settlement Website, (iv) receive and process settlement claims, and (v) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11.      **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be postmarked no later than January 15, 2014, thirty (30) days before the Final Approval Hearing.

(a)      To be valid, the Request for Exclusion must:  (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a

desire to be excluded from the Settlement Class in the Saccoccio Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Saccoccio Class Action." Mass or class opt outs shall not be allowed.

(b)    A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c)    Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

(d)    If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds 5 percent (5%) of the total number of Settlement Class Members, the Settling Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

(e)    If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the Released Claims to Settlement Agreement.

12.    **Objections and Appearances**.  Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement no later than January 15, 2014, thirty (30) days before the Final Approval Hearing:

### For Plaintiff And Settlement Class

Adam M. Moskowitz, Esq.
Kozyak, Tropin, & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL  33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

### For Chase Defendants

Robert M. Brochin, Esq.
Brian M. Ercole, Esq.
Morgan Lewis & Bockius LLP
200 South Biscayne Boulevard – Suite 5300
Miami, Florida 33131-2339
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

### For Assurant Defendants

Frank G. Burt, Esq.
Farrokh Jhabvala, Esq.
Jorden Burt LLP
1025 Thomas Jefferson Street, NW
Suite 400 East

Washington DC 20007-5208
Telephone: (202) 965-8140
Facsimile: (202) 965-8104

(a)     The requirements to assert a valid written objection shall be set forth in the

Class Notice and on the Settlement Website, and shall include:  (a) the case name and number;

(b) the name, address, telephone number of the Person objecting and, if represented by counsel,

of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends

to appear at the Final Approval Hearing, either with or without counsel;

(b)     Any Settlement Class Member who fails to object to the Settlement in the

manner described in the Class Notice and consistent with this Section shall be deemed to have

waived any such objection, shall not be permitted to object to any terms or approval of the

Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the

Settlement or the terms of the Agreement by appeal or other means;

(c)     Any Settlement Class Member who submits a timely written objection

may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show

cause why the proposed Settlement Agreement should not be approved as fair, adequate, and

reasonable, provided that the objecting Settlement Class Member:  (a) files with the Clerk of the

Court a notice of intention to appear at the Final Approval Hearing ("Notice Of Intention to

Appear"), which must include the case name and number and the Settlement Class Member's

name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the

Notice Of Intention To Appear on all counsel designated in the Class Notice by the Objection

Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or

other evidence that the objecting Settlement Class Member will present to the Court in

connection with the Final Approval Hearing.  Any attorney who intends to represent an objecting

10

Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention To Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13.    **Releases.** If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as described in Section 10 of the Settlement Agreement, including, *inter alia*, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning hazard LPI Policies placed by Chase during the Class Period.

14.    **Attorneys' Fees and Expenses, and Case Contribution Awards**. Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $20,000,000. Defendants also agree not to oppose the application for a Case Contribution Award of $5,000 for Salvatore Saccoccio for his work and assistance in this Action.

15.    **Preliminary Injunction.** All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as that term is defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported

11

class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

16. **Service of Papers.** Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final as required by the terms of the Settlement Agreement for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose

12

whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18.     **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19.     **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED in Chambers at Miami, Florida, this _____ day of October, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Cc:  All Counsel of Record

13