UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **13-21107-CIV-MORENO**

SALVATORE SACCOCCIO, *et al.*,

    Plaintiff,

vs.

JP MORGAN CHASE BANK, N.A. *et al.*,

    Defendant.

_____/

## ORDER DENYING MOTION TO INTERVENE

This case involves force-placed hazard insurance. On **October 1, 2013**, this Court held a hearing on the Parties motion for preliminary approval of class action settlement. At that time, the Court also entertained the Movants Motion to Intervene. For the reasons stated in open court and addressed below, this Court DENIES Movants' Garry and Kathryn Varnes' Motion to Intervene **(D.E. No. 64)**.

### I. The Movants have not satisfied the requirements to intervene as a matter of right

Fed. R. Civ. P. Rule 24 governs requests for intervention. Parties may intervene as a matter of right under Rule 24(a). To intervene as a right the movant must demonstrate that "(1) the application to intervene is timely; (2) the party has an interest relating to the property or transaction which is subject to the action; (3) the party is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the party's interest is represented inadequately by the existing parties to the suit." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 272 Fed. Appx. 817, 819 (11th Cir. 2008).

As the Court stated at the hearing, the Movants have clearly not satisfied the third prong. Movants have made no showing that its ability to protect its interest will be impeded by failure to intervene. Movants' would be fully able to protect their interest by opting out of the class and litigating their case separately, or objecting to the settlement if they chose to remain in the case. *See Grilli v. Metro. Life Ins. Co., Inc.*, 78 F.3d 1533, 1536 (11th Cir. 1996). Because the Movants can adequately protect their interests, they cannot intervene as a matter of right.

## II. The Movants have not satisfied the requirements for permissive intervention

Under Rule 24(b), the Court may grant movants permission to intervene. "Permissive intervention under Fed. R. Civ. P. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005).

The parties in this litigation have been negotiating a settlement for months. A settlement has been reached, and the Court recently preliminarily approved the class action settlement. Permitting the intervention at this late juncture would require renegotiation and would disrupt the settlement. Anything the Movants wish to accomplish as intervenors, they can accomplish as objectors. *See Grilli v. Metro. Life Ins. Co., Inc.*, 78 F.3d at 1536. Thus, the Court will not permit the movants to intervene.

## III. Conclusion

THIS CAUSE came before the Court upon Garry and Kathryn Varnes' Motion to Intervene **(D.E. No. 64)**, filed on **September 26, 2013**.

THE COURT has considered the motion, response, arguments presented in open court, and

the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to intervene is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record