UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-21107-FAM

SALVATORE SACCOCCIO, on behalf of
himself and all others similarly situated,

   Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,
individually and as successor in interest to CHASE
HOME FINANCE, LLC; CHASE HOME FINANCE,
LLC; CHASE INSURANCE AGENCY, INC.;
ASSURANT, INC.; AMERICAN SECURITY
INSURANCE COMPANY; STANDARD GUARANTY
INSURANCE COMPANY; and VOYAGER
INDEMNITY INSURANCE COMPANY,

   Defendants.
_____/

## FINAL ORDER AND JUDGMENT

On October 4, 2013, this Court granted preliminary approval of the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiff Salvatore Saccoccio, on behalf of himself and all members of the Settlement Class,[1] and Defendants JPMorgan Chase Bank, N.A. (on behalf of itself and as successor by merger to Chase Home Finance, LLC) ("Chase Bank"), Chase Insurance Agency, Inc. ("CIA"), Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), and Standard Guaranty Insurance Company ("SGIC") (collectively, "Defendants"). The Court also provisionally certified the Settlement Class for

---

[1] Unless otherwise defined, capitalized terms in this Final Order and Judgment have the definitions found in the Settlement Agreement. As such, Chase Bank and CIA are referred to as "Chase Defendants."

1

settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a final approval hearing to take place on February 14, 2014.

On February 14, 2014, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiff's amended complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class Attorneys' Fees and Expenses and whether and in what amount to award a Case Contribution Award to the Named Plaintiff.

On February 28, 2014, the Court issued an Order granting Plaintiff's Motion for Final Approval of Class Action Settlement, Application for Service Awards, and Class Counsel's Application for Attorney's Fees and Expenses (the "Approval Order").

NOW, THEREFORE, PURSUANT TO RULE 58(A), IT IS HEREBY ORDERED THAT:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2.      The Court incorporates its Approval Order into this Final Order and Judgment, including, but not limited to, the Court's finding that Class Notice was given in the manner ordered by the Court; constituted the best practicable notice to apprise Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; was fair, reasonable, and adequate and constituted sufficient notice to all persons entitled to receive notice, including all Settlement Class Members; and complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, and any other applicable law.

3.      The Courts finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Named Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in Settlement Agreement, which shall consist of all borrowers in the United States who, between January 1, 2008 and the date of Preliminary Approval of the Settlement Agreement (the "Class Period"), were charged by Chase Defendants as insureds or additional

insureds under a hazard lender-placed insurance ("LPI") policy for residential property and who, during the Class Period, either (i) paid to the Chase Defendants the charged premium (net of refunds) for the hazard LPI Policy or (ii) did not pay and still owe Chase Defendants the charged premium (net of refunds) for that hazard LPI Policy. Excluded from the Settlement Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose hazard LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower's escrow account; and (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class in accordance with Section 11 of the Settlement Agreement.

5. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $20,000,000 payable pursuant to the terms of the Settlement Agreement. The Court also awards a case contribution award in the amount of $5,000 to Salvatore Saccoccio payable pursuant to the terms of the Settlement Agreement.

6. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

7. The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Persons (as that term is

defined below in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) <u>Release And Waiver Definitions</u>

(i) "Chase" means JPMorgan Chase Bank, N.A. (on behalf of itself and as successor by merger to Chase Home Finance LLC), Chase Insurance Agency, Inc., and all past and present divisions, predecessors, subsidiaries, parents, acquired companies, and affiliated companies;

(ii) "Defendants" mean all named Defendants in the Saccoccio Litigation, including Chase Bank and CIA ("Chase Defendants") and Assurant, ASIC, VIIC, and SGIC ("Assurant Defendants");

(iii) "Lender-Placed" means the placement of hazard insurance pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by Chase Defendants to cover a borrower's failure to maintain the required hazard insurance coverage on the residential property securing the loan;

(iv) "LPI Policy" means a lender-placed residential hazard insurance policy;

(iii) "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons;

(iv) "Released Claims" means all claims, actions, causes of action, suites, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to this Final Order and Judgment and Section 10 of the Settlement Agreement;

5

(v) "Released Persons" means: (a) Defendants and each of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, Banc One Insurance Company, Washington Mutual Bank, EMC Mortgage Corporation, Chase Home Finance, LLC, JPMorgan Insurance Agency, Inc., any direct or indirect subsidiary of any of Defendants and each of their respective past or present divisions, parents, subsidiaries, investors, parent companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; and (b) any other insurance carriers that issued or may have issued hazard LPI to any Settlement Class Member for Chase Defendants and/or for any of Chase Defendants' past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including but not limited to any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

(vi) "Releasing Persons" means Named Plaintiff, all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective family members, heirs, administrators, successors, and assigns.

(vii) "Settling Parties" means, collectively, Defendants, Named Plaintiff, all Settlement Class Members, and all Releasing Persons.

(b) <u>Released Claims of Settlement Class</u>. Upon the Final Settlement Date, each member of the Settlement Class, other than the Named Plaintiff, shall, by operation of the

6

Final Order and Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning hazard LPI Policies placed or charged by Chase during the Class Period.

(i) The Release stated in Paragraph 12(b) above shall include, but not be limited to, all claims related to charges for Chase's placement of hazard LPI Policies during the Class Period; any reinsurance agreements involving Chase concerning hazard LPI Policies; the relationship, whether contractual or otherwise, between Chase and the Assurant Defendants regarding hazard LPI, including, but not limited to, the procuring, underwriting, placement, tracking, or costs of hazard LPI Policies; the amount, duration, and alleged excessiveness of any hazard LPI Policies placed or charged by Chase; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any hazard LPI Policies placed or charged by Chase; any alleged "tying" arrangement involving Chase and hazard LPI; any alleged breach of fiduciary duty by Chase concerning hazard LPI Policies; any alleged tortious interference by Assurant Defendants with mortgage contracts serviced by Chase; the

disclosure or non-disclosure of any payment, expenses, fees, charges, or feature pertaining to or under any hazard LPI Policies placed or charged by Chase; the receipt or non-disclosure of any benefit under any hazard LPI Policies placed or charged by Chase; the content, manner, or accuracy of any communications regarding the placement of any hazard insurance policy by the Chase; and to the regulatory approval or non-approval of any hazard insurance policy, or the premium thereon, placed or charged by Chase.

(ii)   The Release in Paragraph 12(b) above shall not cover claims arising after the Final Settlement Date, or claims for benefits made under any hazard LPI Policy placed or charged by Chase. Nothing in Paragraph 12(b) shall be deemed a release of any Settlement Class Member's respective rights and obligations under the Agreement.

(iii)   Except to the extent that any such obligation is being released pursuant to Paragraph 12(b) above, this Final Order and Judgment shall not be deemed a release of Defendants from any existing obligation to any Settlement Class Member, other than Named Plaintiff, under any loan, note, mortgage, or deed of trust. This provision is not meant to and does not limit the Releases in this Final Oder and Judgment or in the Settlement Agreement.

(c)   <u>Released Claims of Named Plaintiff</u>. Upon the Final Settlement Date, Named Plaintiff, on behalf of himself, his family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, hereby releases and discharges the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that the Named Plaintiff may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether

past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source. In agreeing to this Release, Named Plaintiff explicitly acknowledges that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

    (i)  The Release in Paragraph 12(c) above shall include, but not be limited to, all claims related to charges for Chase's placement of hazard LPI Policies; the relationship, whether contractual or otherwise, between Chase and the Assurant Defendants regarding hazard LPI, including, but not limited to, the procuring, underwriting, placement, tracking, or costs of hazard LPI Policies; any reinsurance agreements involving Chase related to hazard LPI Policies; the amount, duration, and alleged excessiveness of any hazard LPI Policies placed or charged by Chase; payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any hazard LPI Policies placed or charged by Chase; any alleged "tying" arrangement involving Chase and hazard LPI; any alleged breach of fiduciary duty by Chase concerning hazard LPI Policies; any alleged tortious interference by Assurant Defendants with mortgage contracts serviced by Chase, to the extent related to hazard LPI; the disclosure or non-disclosure of any payment, expenses, fees, charges, or feature pertaining to or under any hazard LPI Policies placed or charged by Chase; the receipt or non-disclosure of any benefit under any hazard LPI Policy placed or charged by Chase; the content, manner, or accuracy of any communications regarding the placement of any hazard LPI Policy by Chase; and the regulatory approval or non-approval of any hazard LPI insurance policy, or the premium thereon, placed or charged by Chase during the Class Period.

(ii) The Release in Paragraph 12(c) above shall not cover claims arising after the Final Settlement Date or claims made under any hazard LPI Policy placed or charged by Chase. Nothing in Paragraph 12(c) shall be deemed a release of Named Plaintiff's respective rights and obligations under the Final Order and Judgment and the Settlement Agreement.

(d) Without in any way limiting their scope, the Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, the Named Plaintiff, or any Settlement Class Members in connection with or related in any manner to this Action, the settlement of this Action, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Final Order and Judgment and the Settlement Agreement.

(e) In connection with the foregoing Releases, the Named Plaintiff and each Settlement Class Member expressly waive, and shall be deemed to have waived to the fullest extent permitted by law, any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Named Plaintiff and each Settlement Class Member agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. The Named Plaintiff recognizes, and each Settlement Class Member

10

will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Judgment and Order, they fully, finally, and forever settle and release any and all claims covered by the Releases.

(f) The Releases were bargained for and are a material element of the Settlement Agreement.

(g) The Releases do not affect the rights of Settlement Class Members who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements of the Preliminary Approval Order and in Section 11 of the Settlement Agreement.

(h) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(i) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(j) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release

of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

8. All Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in the Saccoccio Litigation and/or the Released Claims (as that term is defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

9. Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any other jurisdiction and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

10. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions shall be:

    (a) offered by any person or received against the Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or

admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Saccoccio Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b) offered by any person or received against the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants or any other wrongdoing by the Defendants;

(c) offered by any person or received against the Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d) offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order and Judgment.

11. This Final Order and Judgment and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction,

or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

13. In the event that the Final Settlement Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

14. This Action, including all individual claims and class claims presented herein, is hereby DISMISSED on the merits and WITH PREJUDICE against the Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

DONE and ORDERED in Chambers in Miami, Florida, this ___ day of _____, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE